J-S02026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN ATKERSON | : | |
| | : | |
| Appellant | : | No. 3576 EDA 2019 |

Appeal from the PCRA Order Entered November 25, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012812-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN ATKERSON | : | |
| | : | |
| Appellant | : | No. 3577 EDA 2019 |

Appeal from the PCRA Order Entered November 25, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012813-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN ATKERSON | : | |
| | : | |
| Appellant | : | No. 3578 EDA 2019 |

J-S02026-21

Appeal from the PCRA Order Entered November 25, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0012814-2011.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: June 3, 2021

Calvin Atkerson appeals from the order denying his first timely petition

filed pursuant to the Post Conviction Relief Act ("PCRA").   42 Pa.C.S.A. §§

9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history

as follows:

> [O]n September 9, 2011, [Atkerson] and his uncle[,] Eric
> Wilson[,] were walking down Fairhill Street when [Atkerson]
> spotted Jasper Washington.  They exchanged angry words;
> [Atkerson] left the area and then returned alone, armed
> with a gun.  He aimed it at Washington and fired three
> times.  Washington ran for cover behind a nearby car while
> [Atkerson] continued to shoot at him.  One of the bullets
> fatally struck 57-year-old James Hall, who had been sitting
> outside reading on his stoop.  [Atkerson] fled into his friend
> Jorge Santiago's house, where he told Santiago that he had
> just "shot a dude."  [Atkerson] then ran into the basement
> and returned upstairs without the gun and wearing a white,
> instead of green, shirt.  When police arrived on the scene, a
> woman standing outside gave police [Atkerson's] location.
> When police approached Santiago's house with a search
> warrant, Santiago ran outside, shouting, "He's in the house
> . . . The guy who shot the guy around the corner is in the
> house.  He's my buddy.  He's upstairs."  Police arrested
> [Atkerson] in an upstairs bedroom and from his person
> recovered $30 USD and more than 9 grams of crack cocaine.
> After searching the basement, police recovered a white bag
> containing a green shirt and a 9-millimeter handgun.
> Ballistics testing later determined that this handgun was
> used to shoot and kill Hall.

On June 8, 2015, the jury found [Atkerson] guilty of first-degree murder of James Hall, attempted murder of Jasper Washington, carrying a firearm without a license, [possessing] an instrument of crime, recklessly endangering another person, and possession with intent to deliver a controlled substance (PWID). [The trial court] sentenced [Atkerson] to life in prison without the possibility of parole for first-degree murder, plus 10 to 20 years [of] state incarceration on the attempted murder charge and 5 to 10 years [of] state incarceration on PWID. No further penalty was imposed on the remaining charges. [Atkerson] did not file any post-sentence motions. He appealed his judgment of sentence to the Superior Court, claiming that the evidence was insufficient to sustain his convictions on all charges, that the verdict was against the weight of the evidence, and that the trial court should have granted defense counsel's motion for mistrial and request for a mental health evaluation after [Atkerson] had an outburst in open court. On May 4, 2017, the Superior Court affirmed [Atkerson's] judgment of sentence. The Pennsylvania Supreme Court denied *allocatur* on October 3, 2017.

PCRA Court Opinion, 6/24/20, at 1-3 (citations to record omitted).

On May 22, 2018, Atkerson filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on April 20, 2019. The Commonwealth filed a motion to dismiss on July 22, 2019. On October 24, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Atkerson's amended PCRA petition. Atkerson did not file a response. By order entered November 25, 2019, the PCRA court dismissed Atkerson's amended PCRA petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Atkerson raises the following issue on appeal:

I. Did the [PCRA] court err in dismissing this timely PCRA petition without a hearing when [Atkerson]

alleged ineffective assistance of both trial and appellate counsel for the following reasons:

(A)   Trial counsel was ineffective for failing to move to sever the drug charges from the murder charges, under separate case numbers, when the Commonwealth did not even move to consolidate same.

(B)   Trial counsel was ineffective for failing to raise an objection and move for a mistrial after the Commonwealth impermissibly cross-examined a defense witness about his prior drug-related conviction.

(C)   Appellate counsel was ineffective for failing to challenge the improper consolidation of charges on direct appeal.

Atkerson's Brief at 4 (footnote and excess capitalization omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015)

(*en banc*) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he

-S02026-21

> raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Begley*, 780 A.2d 605, 635 (Pa. 2001) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981). *See also Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

Atkerson's issue challenges trial and appellate counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the

underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Atkerson first alleges that trial counsel was ineffective for failing to move to sever his drug charges from the murder charges, since they were brought at separate dockets and the Commonwealth never moved to consolidate them. According to Atkerson, the joinder of these charges prejudiced him because the charged offenses were not based on the same act or transaction and their joinder allowed the jury to hear evidence against him that would not have been admissible in separate trials. *See* Atkerson's Brief at 10.

"Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." *Commonwealth v. Knoble*, 188 A.3d 1199, 1205 (Pa. Super. 2018) (citation omitted). As we further explained in *Knoble*:

> Pennsylvania Rules of Criminal Procedure 582(A)(1) provides that distinct offenses which did not arise out of the same act or transaction may be tried together if the "evidence of each of the offenses would be admissible in a

separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[] or the offenses charged are based on the same act or transaction. Pa.R.Crim.P. 582(A)(1)(a)-(b). If the trial court finds that the evidence is admissible and the jury can separate the charges, the court must also consider whether consolidation would unduly prejudice the defendant. ***Commonwealth v. Thomas***, 879 A.2d 246, 260 (Pa. Super. 2005).

***Knoble***, 188 A.3d at 1205. ***See also*** Pa.R.Crim.P. 583 (providing "[t]he court may order separate trial of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together").

In ***Knoble***, we explained that "[w]hile evidence of other criminal behavior is not admissible to demonstrate a defendant's propensity to commit crimes," there are certain exceptions to this general rule. ***Id.*** We noted:

[One such] exception is the common law "same transaction" or "*res gestae*" exception. ***Commonwealth v. Brown***, 52 A.3d 320, 325-26 (Pa. Super. 2012). This exception is applicable in "situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development." ***Id.***

***Knoble***, 188 A.3d at 1205.

Here, the PCRA court found that Atkerson's claim of trial counsel's ineffectiveness for failing to move to sever the charges filed at three dockets failed for several reasons.[1]

_____

[1] It is unclear from our review of the record when these three dockets were consolidated. Although in his first issue, Atkerson asserts that the
*(Footnote Continued Next Page)*

- 7 -

Initially, the PCRA court found that Atkerson's claim should fail because it was undeveloped:

> In his amended petition, [Atkerson] baldly states that counsel rendered ineffective assistance of counsel by "failing to request that the drug charges . . . be [severed] from the other two [dockets] involving the shooting as the offenses were not related and the consolidation of same by the Commonwealth resulted in undue prejudice[] to Atkerson as the jury heard about unrelated crimes and that [Atkerson] was allegedly a drug dealer." This is the entirety of [Atkerson's] claim and argument. He does not meaningfully discuss each of the three ineffectiveness prongs as he is required to do in order to be eligible for relief. As [Atkerson] has not met his burden of establishing each and every prong of the ineffectiveness [test], his claim is waived for lack of development.

PCRA Court Opinion, 6/24/20, at 5.

Our review of Atkerson's petition supports the PCRA court's conclusion. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. **See generally**, **Pettus**, **supra**. Atkerson's argument in his brief to support his claim likewise lacks development. According to Atkerson:

> The shooting incident in this case was not alleged to have occurred over any drug-related dispute. Evidence that [Atkerson] had drugs on his person when arrested, in a sufficient quantity to warrant a felony distribution charge, was not relevant as to whether he committed the murder and/or attempted to murder (and vice versa). Trial counsel

_____

Commonwealth never moved for consolidation, he later argues that the Commonwealth did not comply with the applicable notice requirements. **See** Atkerson's Brief at 7. In its brief, the Commonwealth does not explain how the dockets were consolidated for trial.

- 8 -

could have had no reasonable basis to fail to move to sever this drug case, and the trial court erred by denying this claim without an evidentiary hearing.

Atkerson's Brief at 10. A PCRA petition must offer to prove—not simply allege—that all three of the ineffectiveness prongs are met. *See*, *e.g.*, *Commonwealth v. Birdsong*, 650 A.2d 26, 32 (Pa. 1994). Thus, we could affirm the denial of Atkerson's claim of trial counsel's ineffectiveness on this basis alone.

Absent waiver, however, the PCRA court further found that Atkerson's claim of trial counsel's ineffective for failing to move to sever the charges lacked arguable merit. The court explained:

> In the case at bar, the shooting and the PWID were part of the same criminal act or transaction. The record shows that police recovered the drugs from [Atkerson's] person when they were arresting him for the murder and the shooting-related offenses. Thus, the evidence of the drugs on [his] person became part of "the natural development of the facts of the case as one offense led to the discovery of another.

PCRA Court Opinion, 6/24/20, at 6. We agree. *See*, *e.g.*, *Knoble*, 188 A.3d at 1206 (holding trial court did not err in joining dockets charging terroristic threats and criminal mischief with docket charging murder "[g]iven the timeline of events . . . and the interrelatedness of [the defendant's] crimes, including his use of the same weapon to shoot at [a] vehicle and to kill the victim"); *Commonwealth v. Torres*, 177 A.3d 263, 277 (Pa. Super. 2017) (holding that trial court did not err in denying the motion to sever charges where drugs found in the car completed the natural development of the facts,

"beginning with [the defendant's] flight from a vehicle stop and culminating in the violent altercation with police when they finally located him").

The PCRA court further found that consolidating the offenses was in the interest of judicial economy. The court first quoted this Court's discussion of this principle:

> The traditional justification for permissible joinder of offenses or consolidation of indictments appears to be the judicial economy which results from a single trial. The argument against joinder or consolidation is that where a defendant is tried at one trial for several offenses, several kinds of prejudice may occur: (1) the defendant may be confounded in presenting defenses, as where his defense to one charge is inconsistent with his defenses to the others; (2) the jury may use evidence of one of the offenses to infer a criminal disposition and on the basis of that inference, convict the defendant of the other offenses; and (3) the jury may cumulate the evidence of the various offenses to find guilt when, if the evidence of each offense had been considered separately, it would not so find.

PCRA Court Opinion, 6/24/20 at 6-7 (quoting **Commonwealth v. Janda**, 14 A.3d 147, 155 (Pa. Super. 2011)).

The PCRA court then applied our discussion in **Janda** to the circumstances of this case:

> Here, the police officers who arrested [Atkerson] for the shooting also recovered the crack cocaine on his person; thus, they would be the same witnesses to testify regarding all of [Atkerson's] offenses. [Atkerson] was not at risk for the kind of prejudice that results from joinder since (1) [Atkerson's] defenses to each crime would not be inconsistent; (2) the fact that he had drugs on his person was not likely to make the jury believe [Atkerson] had a "criminal disposition" and find him guilty solely on that basis where the evidence against him with respect to the shooting

was overwhelming and included multiple eyewitnesses; and (3) the jury would not likely find him not guilty of each offense is they had been considered separately since the evidence of guilt for each offense was overwhelming. Indeed, the police recovered 9 grams of crack cocaine directly from [Atkerson's] person at the time of his arrest, making it unlikely he would have been acquitted of PWID even if the offenses had been severed. The same is true for the murder and shooting-related charges as there were multiple eyewitnesses who identified [Atkerson] as the shooter. Thus, consolidation of the cases was prudent and served the interest of judicial economy without detriment to [Atkerson].

PCRA Court Opinion, 6/24/20, at 7. Our review of pertinent case law and the record in this case support these conclusions. *See*, *e.g.*, *Janda*, 14 A.3d at 155-56 (citation omitted) (holding trial court appropriately consolidated nine separate burglaries for a single trial; courts "must weigh the possibility of prejudice and injustice caused by the consolidation against the consideration of judicial economy").

Finally, the PCRA court concluded that Atkerson was unable to establish prejudice by the consolidation of the three dockets.

The consolidation of the PWID and the shooting related charges did not lead the jury to convict simply because they believed that [Atkerson] had a propensity to commit crimes. At trial, the Commonwealth's theory of the case was that [Atkerson] shot at Washington because they had a beef over Washington breaking up with [Atkerson's cousin], not that this in any way related to an illicit drug transaction. Thus, the jury easily could differentiate between the evidence of the two crimes. Moreover, the timeline was clear that [Atkerson] got into an argument with Washington, returned with a gun, fired multiple times at Washington, inadvertently shot Hill who was innocently sitting on his steps, and then ran and hid in Santiago's house where police arrested him and recovered drugs from his person. There

is no real possibility that the jury would be incapable of separating this evidence.

In addition, based upon the overwhelming evidence of guilt, including multiple eyewitnesses and [Atkerson's] own confession to his friend Santiago, [Atkerson] is unable to reasonably argue that the jury convicted him of the murder and shooting-related offenses solely because he was also charged with PWID. The record shows that Washington and his mother[,] Claudette Johnson, who both knew [Atkerson] personally, identified him as the shooter. [Atkerson's] friend Santiago told police that [Atkerson] was inside his house and that he had shot someone. After arresting [Atkerson] inside Santiago's house, police recovered the very gun used to shoot Washington and Hall. Thus, there is no reasonable chance the jury would have acquitted him of Hall's murder and the shooting-related charges but for the PWID charge. Since [Atkerson] cannot demonstrate prejudice, no relief is due.

PCRA Court's Opinion, at 7-8. Once again, our review of the record supports the PCRA court's conclusion. Thus, for all of the foregoing reasons, Atkerson's first claim of trial counsel's ineffectiveness fails.

Atkerson next claims that trial counsel was ineffective for failing to object and move for a mistrial once the prosecutor cross-examined his uncle regarding a prior drug conviction. He asserts that the Commonwealth's inquiry was inappropriate under Pa.R.E. 609, which permits impeachment of a witness in a criminal trial by evidence of a prior conviction only for crimes involving dishonesty or false statement, *i.e.*, "*crimen falsi*" offenses. **See** Atkerson's Brief at 11. According to Atkerson, "[n]either [PWID] nor knowing and intelligent possession of a controlled substance are *crimen falsi* offenses." **Id.** (citation omitted).

In his brief, Atkerson concedes that trial counsel did object to this line of questioning. Atkerson's Brief at 11. Nonetheless, he asserts that the fact that trial counsel neither moved for a mistrial nor requested a cautionary instruction, demonstrates "a prima face showing of ineffective assistance of counsel for which an evidentiary hearing was warranted." *Id.* This claim does not entitle Atkerson to relief.

As this Court has explained:

> In criminal trials, the declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interests but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion.

*Commonwealth v. Hogentogler*, 53 A.3d 866, 877-78 (Pa. Super. 2012). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." *Id.* at 878 (citations omitted).

Here, the PCRA court determined that Atkerson's claim was meritless because he was unable to establish prejudice. The court then reiterated the

overwhelming evidence of guilt it enumerated when rejecting Atkerson's claim of ineffectiveness for failing to seek to sever the various dockets. ***See supra***; PCRA Court Opinion, 6/24/20, at 9. In addition, the PCRA court determined that Wilson's testimony did not aid in Atkerson's defense:

> Wilson's testimony was not of much value to [Atkerson's] defense. He testified that he and [Atkerson] were not together at the time of the shooting and that he did not even witness the shooting. His testimony did not provide an alibi nor did it exonerate [Atkerson] in [any way].

***Id.*** Our review the trial transcript supports the PCRA court's characterization of Wilson's testimony. Because he was only involved prior to the shooting, any error that occurred during his cross-examination by the Commonwealth did not deprive Atkerson of a fair trial. ***Hogentogler***, ***supra***. Thus, Atkerson's second claim of trial counsel's ineffectiveness fails.

Lastly, given the foregoing, Atkerson's claim that appellate counsel was ineffective for failing to raise his meritless severance claim on appeal likewise fails. ***See Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (explaining that counsel cannot be deemed ineffective for failing to pursue a meritless claim).

In sum, because Atkerson's ineffectiveness claims are undeveloped or otherwise without merit, the PCRA court correctly denied his PCRA petition without first holding an evidentiary hearing. ***Blakeney***, ***supra***. We therefore affirm the order denying Atkerson post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/21